# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BURNELL PETERS, ET AL.** | : | **DOCKET NO. 06-0602** |
| **VS.** | : | **JUDGE MINALDI** |
| **AMERICAN SOUTHERN HOME INSURANCE CO., ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Burnell Peters and Ceola Peters own several houses that were purportedly insured by American Southern Home Insurance Company and Allstate Insurance Company. (*See*, Petition, ¶¶ 3 & 7). In the aftermath of Hurricane Rita, the Peters submitted claims to American Southern and Allstate for property damage, but the claims were denied because the loss "was the result of wind and there is no wind coverage provided by your policy . . ." (Petition, ¶ 5). Thereafter, one of the Peters' properties was burglarized. However, coverage was again denied because theft was not a covered peril. *Id*. at ¶¶ 8-9.

Accordingly, on March 3, 2006, Burnell Peters and Ceola Peters filed the instant suit in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana. Made defendants were American Southern Home Insurance Company and Allstate Insurance Company. Plaintiffs allege that defendants' actions were arbitrary and capricious, and constituted bad faith. (Petition, ¶ 11). Plaintiffs seek resulting damages.

On April 11, 2006, American Southern removed the case to federal court on the basis of diversity jurisdiction. 28 U.S.C. § 1332. Over one month later, on May 22, 2006, plaintiffs filed the instant motion for leave of court to file their first amending and supplemental petition. [doc. # 19]. The motion seeks to join a non-diverse defendant, Raymond M. Fondel Jr. Insurance

Agency, LLC, whose joinder would destroy diversity jurisdiction and compel remand.[1] Two days later, plaintiffs filed a motion for leave of court to file their second amending and supplemental petition. [doc. # 22]. The second proposed petition seeks to join another non-diverse defendant, Raymond M. Fondel Jr., whose joinder would also destroy diversity jurisdiction and compel remand.[2] Defendants oppose the proposed amendments. The matter is now before the court.[3]

Our inquiry begins with 28 U.S.C. § 1447(e). It provides,

> [i]f after removal, the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court.

28 U.S.C. § 1447(e)

The law is clear that the post-removal joinder of a non-diverse defendant will destroy diversity jurisdiction and require remand. *Cobb v. Delta Exports, Inc.*, 186 F.3d 675 (5th Cir. 1999).

In *Hensgens v. Deere and Company*, the Fifth Circuit stated that "the district court, when confronted with an amendment to add a non-diverse non-indispensable party, should use its discretion in deciding whether to allow that party to be added. . . ." *Hensgens v. Deere and Company*, 833 F.2d 1179, 1182 (5th Cir. 1987)(citations omitted).[4] In exercising its discretion,

---

[1] Plaintiffs did not provide notice as required by LR 7.7W.

[2] Again, plaintiffs did not provide notice as required by LR 7.7W.

[3] The motions have been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A).

[4] *Hensgens* was decided prior to the 1988 enactment of 28 U.S.C. § 1447(e). However, courts have suggested that § 1447(e) was a codification of *Hengens*. *See,* cases cited in *Cobb*, 186 F.3d at fn. 4 (5th Cir.1999); *see also*, *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470 (5th Cir. 2001).

Plaintiffs cite *Amie v. City of Jennings*, 2005 WL 3007009 (W.D. La. 11/8/05), and the standard elucidated therein. However, *Amie* addressed a motion to sever. *Hensgens* sets forth the test to consider the joinder of a non-diverse, non-indispensable party. *Hensgens, supra*.

the district court is to consider the following factors,

> . . . the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for an amendment, whether plaintiff will be significantly injured if an amendment is not allowed, and any other factors bearing on the equities.

*Hengens*, 833 F.2d at 1182.

Our first consideration is the extent to which the purpose of the amendment is to defeat federal jurisdiction. Intertwined with this inquiry is the viability of plaintiffs' claims against the proposed defendants.[5] Here, plaintiffs allege in their proposed petitions that Fondel[6] presented himself solely as an Allstate insurance agent and led plaintiffs to believe that they were purchasing homeowners' coverage for their properties through Allstate or an affiliated company. (2d Amend. Pet., ¶¶ 22-23). Plaintiffs further allege that the perceived "stability" of Allstate was a partial cause for their purchase of insurance through Fondel. *Id*. at ¶ 21. However, there are no allegations or evidence that American Southern is insolvent. Rather, coverage was denied because the perils were not covered or were excluded. (American Southern Answer, Affirm. Defs. 2-3).[7] Even if Fondel did mislead plaintiffs into thinking that they were purchasing insurance through Allstate, plaintiffs do not allege that they were motivated by the perception that Allstate provided greater peril coverage than other insurers. Thus, plaintiffs' proposed

---

[5] Leave to amend to join a party "against whom recovery is not really possible and whose joinder would destroy subject matter jurisdiction," should never be granted. *Cobb, supra.* The party opposing joinder has the opportunity to prevent joinder by arguing that plaintiff has no "colorable claim" against the proposed defendant. *Id*.

[6] Other than separately naming Raymond M. Fondel Jr. and Raymond M. Fondel Insurance Agency LLC, plaintiffs do not otherwise distinguish between the defendants. Both proposed amendments contain similar allegations against the defendants. Accordingly, our discussion applies to both defendants, and we refer to them jointly as "Fondel."

[7] Allstate contends that it did not issue an insurance policy for the properties in question. (Allstate's Answer, Affirm. Def. 1).

amendments do not state a colorable claim against Fondel.

To the extent that it could be argued that plaintiffs do state a claim against Fondel, it is manifest that the claim is distinct from the denial of coverage claims against the insurance companies. The issues against the insurance companies are whether the policies covered the properties and perils at issue. The claim against Fondel will focus upon whether he or his employees misled the plaintiffs, and if so, whether the misrepresentations were a cause-in-fact of their damages. The former claims involve pure contract interpretation, whereas the latter focuses upon intent and oral testimony. In short, plaintiffs' claim against Fondel is so tenuous and distinct, it strongly suggests that its primary purpose is to defeat federal jurisdiction.

We further note that in their reply brief plaintiffs state that after Hurricane Rita, "American Southern, rather than Allstate, denied coverage." (Pl. Reply Brief, pg. 2). Certainly, if plaintiffs believed that they had procured insurance with Allstate, this fact should have alerted them prior to filing suit that their insurance agent might have erred. The timing of Fondel's attempted joinder after removal again suggests that remand was the primary goal.

Plaintiffs contend that they will suffer significant injury if they are not permitted to amend their complaint to join Fondel. We disagree. As set forth above, the claims are not the same; the issues are not the same; and the evidence is not the same. Plaintiffs are not precluded from filing a separate suit against Fondel in state court. The separate suits will not impact judicial economy or produce inconsistent results. If plaintiffs prevail here, then the other case will be moot. If the instant judgment is ultimately adverse to plaintiffs, then they can use the judgment to support their claim against Fondel. Either way, the distinct nature of the claims means that separate suits will not harm any of the current or prospective parties.[8]

---

[8] For the same reasons, Fondel is not an indispensable party. Fed.R.Civ.P. 19. There are no other dispositive equities to be considered.

4

Accordingly,

IT IS RECOMMENDED that plaintiffs' motions for leave of court to file their first and second amending and supplemental petitions [doc. #s 19 & 22] be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)©, the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on July 17, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE