RECEIVED
IN LAKE CHARLES, LA
DEC 15 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| BURNELL PETERS, ET AL. | : | DOCKET NO. 2:06 cv 602 |
| VS. | : | JUDGE MINALDI |
| AMERICAN SOUTHERN HOME INSURANCE CO., ET AL. | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the court are motions for summary judgment filed by defendants Allstate Insurance Company ("Allstate") [doc. 46] and American Southern Home Insurance Company ("ASH") [doc. 48]. Plaintiffs replied to both motions and defendants have filed sur-replies.

## FACTS

Plaintiffs, Burnell and Ceola Peters ("the Peters"), own several properties in Lake Charles that were purportedly covered by identical insurance policies issued by ASH and Allstate at the time Hurricane Rita made landfall on September 24, 2005.[1] In the aftermath of the hurricane, the Peters filed claims with ASH and Allstate for property damage, as well as a claim for theft to one of the properties.[2] ASH denied the property damage claims because the loss "was the result of wind" and the policy allegedly does not provide coverage for wind damage.[3] The claim for theft was also

---

[1] Petition ¶¶ 3 & 7.

[2] *Id.* at ¶¶ 4 & 8.

[3] *See id.* at ¶ 5.

denied on the grounds that theft is not a covered peril.

On March 3, 2006, the Peters filed suit against ASH and Allstate in the 14th Judicial District Court for the Parish of Calcasieu. Plaintiffs' petition alleges that defendants' denial of coverage was arbitrary, capricious, and without probable cause.[4] On April 11, 2006, the action was removed to federal court.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the movant is able to demonstrate that the pleadings, affidavits, and other evidence available to the Court establish that there are no genuine issues of material fact, and that the moving party is entitled to summary judgment as a matter of law. FED.R.CIV.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. 2548, 2552-54 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511 (1986); *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-88, 106 S.Ct. 1348, 1355-57 (1986). When the nonmoving party has the burden of proof on an issue, the movant must state the basis for the motion and identify those portions of the pleadings, depositions, admissions, answers to interrogatories, together with affidavits, that demonstrate the absence of a genuine issue of material fact.[5] *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553; *Topalian v. Ehrman*, 954 F.2d 1125, 1131-32 (5th Cir.1992), cert. denied, 506 U.S. 825, 113 S.Ct. 82 (1992). A mere

---

[4] Petition ¶ 11.

[5] A "material" fact is one that might affect the outcome of the suit under the applicable substantive law. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. In order for a dispute to be "genuine," the evidence before the Court must be such that a reasonable jury could return a verdict for the nonmoving party. *Id.*; *see also Judwin Properties, Inc. v. United States Fire Ins. Co.*, 973 F.2d 432, 435 (5th Cir.1992).

2

conclusory statement that the other side has no evidence is not enough to satisfy a movant's burden. *See Celotex*, 477 U.S. at 328, 106 S.Ct. at 2555.

Once the movant has shown the absence of material factual issues, the opposing party has a duty to respond, via affidavits or other means, asserting specific facts demonstrating that there is a genuine issue for trial. FED.R.CIV.P. 56(e); *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514; *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. The Court must view the evidence introduced and all factual inferences from the evidence in the light most favorable to the party opposing summary judgment. *Eastman Kodak v. Image Technical Services*, 504 U.S. 451, 456-58, 112 S.Ct. 2072, 2077 (1992); *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356. However, a party opposing summary judgment may not rest on mere conclusory allegations or denials in his pleadings. FED.R.CIV.P. 56(e); *see also Topalian*, 954 F.2d at 1131.

## ANALYSIS

*ALLSTATE'S MOTION FOR SUMMARY JUDGMENT [DOC. 46]*

The Peters joined Allstate as a defendant in the instant action upon belief that Allstate had a policy in full force and effect at the time Hurricane Rita caused damage to their properties.[6] This belief was premised upon the purchase of insurance from Raymond M. Fondel, Jr. and his insurance agency, Raymond M. Fondel, Jr. Insurance Agency, L.L.C.[7] The Peters allege that, at all times, Fondel held himself out to be an agent of Allstate, not of ASH, and they believed the policies

---

[6] Plaintiffs' Opposition 1-2.

[7] *Id.*

3

purchased from Fondel were Allstate policies.[8]

Allstate argues that "[t]he fact that Allstate never issued a policy is a fatal flaw to the plaintiffs' case against Allstate."[9] Allstate further asserts that an action in contract cannot be maintained against Allstate where there is no privity between the Peters and Allstate.[10]

The Peters respond by arguing that (1) their action against Allstate is *ex delicto* and not *ex contractu*, (2) Fondel's fraudulent misrepresentations should be "imputed against the insurer", and (3) Allstate should be estopped from denying coverage where there is a mutual mistake as to who the insurer was.[11]

First, the Peters alleged tort action against Allstate is a thinly veiled attempt to circumvent the court's August 24, 2006 ruling. That ruling adopted the findings of the magistrate and denied plaintiffs' motions to join claims against Fondel and his insurance agency. By arguing that Allstate is liable for Fondel's actions, the plaintiffs are now trying to assert the very same claims against Allstate.

Regardless, a suit for negligent misrepresentation cannot be maintained against Allstate. In Louisiana, the duty/risk analysis is applied to claims for negligent misrepresentation. *Barrie v. V.P. Exterminators, Inc.*, 625 So.2d 1007, 1015 (La. 1993). Although privity is not a prerequisite to a finding of liability, the Peters are still required to prove that Allstate owed a duty to protect them

---

[8] *Id.*

[9] Allstate's Memorandum in Support 3.

[10] *Id.* at 3-4.

[11] Plaintiffs' Opposition 2-5.

from the losses incurred. *Id.* at 1016. The facts of this case are insufficient to support a finding of duty on behalf of Allstate.

Finally, the court finds that the Peters' estoppel argument is without merit. In support of this argument, the Peters cite *Cotton Bros. Baking Co., Inc. v. Industrial Risk Insurers*, 774 F.Supp. 1009 (W.D.La. 1989). That case deals with a mutual mistake by the insured and the insurer as to the identity of the insured. The mistake at issue in *Cotton Bros.* was the result of corporate restructuring and reorganization by the insured. The facts of *Cotton Bros.* are clearly distinguishable from the case at bar– the most obvious difference being that this case does not involve a mutual mistake. There is, in fact, no evidence to show that at any time Allstate believed they insured the Peters' properties.

Accordingly, Allstate's motion for summary judgment will be granted.

*ASH'S MOTION FOR SUMMARY JUDGMENT [DOC. 48]*

*A. Coverage for Wind Damage*

ASH argues that summary judgment is appropriate because wind damage was specifically excluded from coverage by the policies covering Peters' several properties. The Peters, however, assert that they paid additional premiums for "Extended Coverage." Extended Coverage, they argue, provided coverage for, among other things, losses resulting from windstorm or hail. ASH concedes that the Peters paid additional premiums for Extended Coverage, but assert that wind loss was not a part of the extended coverage.

Both parties indicate that the damage to the Peters' properties was the result of Hurricane Rita. However, as residents of the Gulf South are keenly aware, hurricane damage may result from both wind and water. "This wind-but-not-water concept has posed some factual difficulties in

5

Louisiana, where hurricanes and tornadoes combine both destructive features." 15 LA. CIV. L. TREATISE § 321 (2006).

The question of whether an insurance policy provides coverage to the plaintiff is an issue which can ordinarily be resolved by a motion for summary judgment. *See, e.g., Domingue v. Reliance Ins. Co.*, 619 So.2d 1220, 1223 (La.App. 3d Cir.1993). However, where there is no proof as to the cause of the loss, the issue of coverage is premature. Such is the case with the instant record, which includes no evidence that a windstorm was the proximate cause of the Peters' loss.

Moreover, the ASH policies do not supply a definition for "windstorm." With the exception of terms of art and technical terms, words used in an insurance policy must be given their ordinary, generally prevailing meaning. LA. CIV. CODE ART. 2047; *see also Reynolds v. Select Properties, Ltd.*, 634 So.2d 1180, 1183 (La.1994) (citing *Louisiana Ins. Guar. Ass'n v. Interstate Fire & Casualty Co.*, 630 So.2d 759, 763 (La. 1994). One dictionary defines "windstorm" as "a storm with very strong wind, but little or no rain or snow; a gale." THE NEW OXFORD AMERICAN DICTIONARY 1934 (2001). Another defines it as "a storm with high winds or violent gusts, but little or no precipitation." THE AMERICAN HERITAGE DICTIONARY 933 (4th ed. 2001).

If indeed coverage is to be excluded for loss due to windstorm, it is incumbent upon ASH to demonstrate that Hurricane Rita produced mainly wind, but little or no precipitation. Alternatively, in accordance with paragraph 2(a) of the "Perils Insured Against," ASH must show that the Peters' loss was not the result of a wind-caused opening in the roof or wall through which rain then entered.[12]

---

[12] *See, e.g.*, ASH-Peters-10007.

The record before the court is therefore insufficient to decide whether, as a matter of law, the Peters' properties were damaged by a windstorm. As such, summary judgment on the issue of coverage is inappropriate at this time.

*B. Coverage for Loss Due to Theft or Burglary*

ASH asserts that the Peters' policies do not cover loss caused by theft or burglary, pointing to paragraph 9 of the "Perils Insured Against" section of the policy. This section states, "This peril does not include loss...by pilferage, theft, burglary or larceny, but we will be liable for damage to the building covered caused by burglars...."[13] Thus, regardless of whether paragraph 9 was made part of the Peters' coverage, the ASH policies clearly and unambiguously exclude loss by theft.

The court's analysis, however, need not be so literal or mechanical. While the Peters claimed a loss due to "theft,"[14] it is unclear whether this loss included damage to the building. As such a loss would be covered by the policies, there exists a genuine issue of material fact regarding coverage for loss by theft.

Accordingly, ASH's motion for summary judgment will be denied.

Lake Charles, Louisiana, this ___6___ day of November, 2006.

PATRICIA MINALDI
UNITED STATES DISTRICT COURT

---

[13] *Id.*

[14] Petition ¶ 8.